CHARLES W. TERRY, as Trustee in Bankruptcy of the SALA-
MANCA ENGINE IRON COMPANY, Bankrupt, Respondent, v.
ROSS HEATER AND MANUFACTURING COMPANY, INC.,
Appellant.

Fourth Department, December 5, 1917.

Discovery — examination of defendant corporation before trial —
sufficiency of moving papers — " necessary " examination means
needful examination — discretion of court to grant order.

Appeal from an order denying the motion of the defendant corporation
to vacate an order for its examination before trial. Affidavits and
pleadings examined, and *held*, to comply with rule 82 of the General
Rules of Practice and subdivisions 4 and 7 of section 872 of the Code
of Civil Procedure, and to show that the examination was sought in
good faith and that the order was properly granted.

The word " necessary " as used in said rule and section of the Code does
not mean absolutely necessary or indispensable, but is used in the sense
of needful.

The granting of such examination before trial rests in the sound discretion
of the judge to whom the application is made and it should only be
ordered when the application is made in good faith and not to enable
the applicant to discover whether or not he has a cause of action.

An order allowing an examination of the defendant as to its alleged defense
and counterclaim will be allowed to stand where the plaintiff is a trustee
in bankruptcy and the defendant does not ask a modification of the order
but that it be wholly vacated.

APPEAL by the defendant, Ross Heater and Manufacturing
Company, Inc., from an order of the Supreme Court, made
at the Erie Special Term and entered in the office of the clerk
of the county of Cattaraugus on the 21st day of June, 1917,
denying defendant's motion to vacate an order for its examina-
tion before trial.

*Harold G. Aron*, for the appellant.

*John J. Inman*, for the respondent.

DE ANGELIS, J.:

The action was brought by Charles W. Terry, as trustee
in bankruptcy of the Salamanca Engine Iron Company, a
domestic corporation of the city of Salamanca, bankrupt, to
recover the balance of the contract price of certain heaters

and expansion joints manufactured for the defendant Ross Heater and Manufacturing Company, Inc., a domestic corporation of the city of Buffalo, by the Salamanca Engine Iron Company, according to certain blue prints and specifications. The answer contains a general denial and sets forth a counterclaim for the alleged failure of the engine company to fulfill its contract. The order assailed on this appeal denied the defendant's application to vacate an order for the examination of the defendant before trial granted pursuant to subdivision 7 of section 872 of the Code of Civil Procedure and rule 82 of the General Rules of Practice. The order sought to be vacated was based upon the pleadings, to wit, the complaint, answer and reply, and the affidavits of the plaintiff and John J. Inman, his attorney. The defendant's application to vacate the order was accompanied by the affidavits of Scott C. Ross and Henry D. Dargert.

The appellant insists that the affidavits upon which the order for the examination was based fail to comply with general rule 82 in that they do not " specify the facts and circumstances which show, in conformity with subdivision 4 of section 872 " of the Code of Civil Procedure " that the examination of the " defendant " is material and necessary; " that the order permits the plaintiff to cross-examine the defendant as to its alleged defense and alleged counterclaim contrary to law; and generally that the plaintiff is not entitled to examine the defendant before trial.

The affidavits (which include the pleadings) upon which the order for the examination of the defendant is based show that at the time the contract which is involved in this litigation was entered into and during which the work thereunder was performed and the materials furnished, one Henry D. Dargert, then a resident of the city of Salamanca, was secretary and manager of the iron company and had immediate charge of all the transactions in connection therewith in behalf of the iron company, and that Scott C. Ross was the president and manager of the defendant and had sole charge of such transactions in behalf of the defendant; that Ross has ever since remained such president and manager; that Dargert left the employment of the iron company and the city of Salamanca on or about October 23, 1916; that Charles W.

Terry, the plaintiff, about that time became the president of the iron company and succeeded Dargert as manager of its business; that Terry is unable to find sufficient records of such transactions to enable him to prove his case and that defendant is in possession of such records and that Scott as such president and manager is in possession of all the books, orders, accounts and papers necessary to establish the allegations of the complaint; that the defendant and Scott as such president and manager are in possession of all the records, books, letters, papers and facts tending to prove or disprove the allegations of the answer; that the plaintiff is entirely ignorant of such facts, records, books, letters, orders and papers bearing upon the allegations of the complaint and answer and that the same are wholly in the possession of the defendant and Scott as its president and manager; and that such examination of the defendant is necessary and material and that plaintiff cannot safely proceed to trial without such examination.

The defendant does not deny that it has all the evidence with which it is charged by the plaintiff.

Certainly, the plaintiff conformed to all the requirements of the Code and rule 82 to justify the order for the examination of the defendant for the purpose of establishing the plaintiff's cause of action. It is clear that such examination was sought in good faith.

It is to be observed that the proposed examination is that of a corporation and hence of those in its management who speak for the corporation. (See Code Civ. Proc. § 872, subd. 7.)

The history of the procedure that led to the adoption of the provisions of the Code of Civil Procedure and general rule 82 may be found in *Akhurst* v. *National Starch Company* (64 Misc. Rep. 445; affd., 148 App. Div. 898).

The Court of Appeals in *Herbage* v. *City of Utica* (109 N. Y. 81) construed sections 870, 872 and 873 of the Code of Civil Procedure and expressed its conception of the plenary power of the Supreme Court under such sections and rule in these words: " We are of opinion that a party litigant may, in the discretion of the judge to whom application is made under the provisions of sections 870, 872, 873 of the

Code of Civil Procedure, have a general examination of his adversary as a witness in the cause, as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense set forth in favor of the party desiring that examination."

Another liberal rule upon this subject was laid down in *Goldmark* v. *U. S. Electro-Galvanizing Co.* (111 App. Div. 526, 528) in the First Department as follows: "It is not an answer to such an application to say that the party making the application can subpœna the witness sought to be examined on the trial.   Nor is a stipulation by a witness or a defendant that such a witness or defendant would appear for trial an answer to such an application.   The Code expressly provides that the deposition is to be taken either before or during the trial.   The object is to obtain testimony of an adverse party before the trial so that it can be used at the trial. * * * Nor is it an answer to such an application that the party making it can procure the evidence from other persons than of the person whose deposition is required.   The statute does not require that it shall appear that the fact sought to be proved cannot be proved by other witnesses, but it authorizes a party to take the deposition of his opponent where his testimony can prove the fact which he desires to establish."

The above rule has been approved in the other three departments.   (*Shonts* v. *Thomas*, 116 App. Div. 854; *Richards* v. *Whiting*, 127 id. 208; *Tisdale Lumber Co.* v. *Droge*, 147 id. 55; *Meade* v. *Southern Tier Masonic Relief Association*, 119 id. 761; *Kellogg* v. *Match Supply Co.*, 168 id. 671; *Eckman* v. *Lindbeck*, 178 id. 720.)

The defendant's affidavits show that the plaintiff might prove by the testimony of Dargert, of the former bookkeeper of the iron company and of its former foundry foreman, what the plaintiff seeks to prove by this examination, but if that were true, that is no reason why the plaintiff should not have the benefit of the examination, as the authorities above cited fully demonstrate.

In passing it should be noted that the word "necessary," appearing in subdivisions 4 and 7 of section 872 of the Code of Civil Procedure and in general rule 82, does not mean

" absolutely necessary," or " indispensable," but is used in the sense of " needful," a signification attributable to the word well recognized in the law.

We do not overlook the significance of the fact that the matter of granting an application to examine a party before trial is reposed in the sound discretion of the judge to whom such application is made, and we do not intend in the slightest degree to modify the rule that such an application should only be granted when made in good faith and should never be granted to permit one to ascertain whether or not he has a cause of action against another, or to authorize what is often termed " a fishing excursion."

In view of the fact that the plaintiff is a trustee in bankruptcy and he very likely may not be willing to rely upon the testimony of Dargert who has voluntarily made an affidavit in favor of the defendant, it is a close question whether or not the plaintiff should have the full benefit of an examination of the defendant relative to the allegations of the defendant's alleged defense and counterclaim (*Herbage* v. *City of Utica, supra; Schweinburg* v. *Altman,* 131 App. Div. 795; *Smith* v. *Flynn,* 163 id. 868), and further, in view of the position taken by the counsel for the defendant upon the argument, to wit, that the defendant did not desire a modification of the order for the examination of the defendant, but stood upon the proposition that such order must be wholly vacated, I think we should let the order for the examination of the defendant stand as it was originally made.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.