STRONG & TROWBRIDGE COMPANY, Respondent, *v.* THE DEFIANCE MACHINE WORKS, Appellant.

First Department, May 3, 1918.

**Discovery — examination of plaintiff corporation and production and inspection of books and papers limited to issues raised — right to defendant to inspect books and papers before offering them in evidence.**

An order requiring the examination of the plaintiff corporation by certain of its officers and the production and inspection of certain books and papers, *held* to have been properly limited to the issues raised by the counterclaims.

Where such an examination of the plaintiff has been ordered, the defendant is entitled to inspect the books and papers before offering them in evidence, the inspection of the books of account to be limited, however, to the specific accounts showing transactions between the plaintiff and the several firms and corporations mentioned in the affidavit upon which the original order was made.

APPEAL by the defendant, The Defiance Machine Works, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of February, 1918, as modified in certain respects a prior order requiring the examination of the plaintiff, by certain of its officers, and the production and inspection of certain papers and books of account with respect to issues raised by the counterclaims.

*Harrison Tweed* of counsel [*A. L. Humes* and *M. E. Harby* with him on the brief; *Byrne, Cutcheon & Taylor*, attorneys], for the appellant.

*W. Cleveland Runyon* of counsel [*Robert W. Bernard* with him on the brief; *Wayland & Bernard*, attorneys], for the respondent.

SHEARN, J.:

The original order was of a broad, drag-net character and was properly limited so as to confine the examination to the issues raised by the counterclaims. Appellant claims that the order prevents it from offering the plaintiff's books and papers in evidence, but an inspection of the order shows that

it does nothing of the kind. If it did of course the order would have to be modified. Appellant's only real grievance is a provision in the order depriving defendant of the right to inspect the plaintiff's papers and books in connection with the examination. I do not interpret the original order as one providing for a general inspection of books and papers such as would be ordered in a proper case made under sections 803–809 of the Code of Civil Procedure. It merely contemplates the production of the books and papers, the examination of the witnesses in connection with them to show that the books contain relevant entries of transactions with the parties mentioned in the affidavit, and then the inspection of such particular accounts preparatory to offering them in evidence. Such a limited inspection is entirely proper upon an examination, for trial counsel is always entitled to inspect a book or paper, which has been produced in court by an adverse party under order or subpœna, and which is shown to contain entries relative to the issues, before taking the risk of offering it in evidence. The court, therefore, erred in ruling that the defendant could not inspect the books and papers before offering them in evidence, and the order should be modified so as to allow during the examination an inspection of the specified books and papers, the inspection of the books of account, however, to be limited to the specific accounts showing transactions between the plaintiff and the several firms and corporations mentioned in the affidavit upon which the original order was made, and as modified affirmed, with costs to the appellant.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, with costs to appellant. Order to be settled on notice.