HARBY STEAMSHIP COMPANY, INC., Appellant, v. STATEN ISLAND SHIPBUILDING COMPANY, Respondent, Impleaded with ERIE RAILROAD COMPANY, Defendant.

First Department, December 5, 1919.

Deposition — examination of corporation before trial — inspection of books and papers — Code Civil Procedure, section 872, construed — distinction between inspection of books of corporation and general inspection of books and papers.

Under section 872 of the Code of Civil Procedure, as amended, on the examination of a corporation before trial through its officers and agents, the court may require the production of books and papers which may be

offered and received in evidence in addition to use thereof for the purpose of refreshing the memory, but said section does not authorize a general inspection of books and papers such as may be obtained under the provisions of sections 803-809 of the Code. A distinction is drawn between a general inspection under said sections of the Code and the limited inspection under section 872.

Appeal by the plaintiff, Harby Steamship Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of October, 1919, modifying an order for the examination of the respondent before trial by striking out the provision for the examination and inspection of its books and papers and by providing that said books and papers may be used only in connection with the oral examination of the witnesses.

*Herman S. Hertwig* of counsel [*Duncan & Mount*, attorneys], for the appellant.

*Henry W. Baird*, for the respondent.

Philbin, J.:

Under the provisions of the Code of Civil Procedure (§ 872, subd. 7, as amd. by Laws of 1911, chap. 781, and Laws of 1913, chap. 278) a plaintiff is entitled to examine a defendant corporation by its officers, directors or managing agents and to require the production of books and papers, which may be offered and received in evidence in addition to the use thereof for the purpose of refreshing the memory. That is the rule which now pertains in the examination of corporations. (*Flamingo Film Co., Inc.,* v. *World Film Corporation,* 173 App. Div. 959.) The rule does not mean, however, that a party is entitled to a general inspection of books and papers such as may be obtained under the provisions of sections 803-809 of the Code. It merely contemplates the production of books and papers, the examination of the witnesses in connection with them to show that the books contain relevant entries, and then the inspection of such entries preparatory to offering them in evidence. (*Strong & Trowbridge Co.* v. *Defiance Machine Works,* 182 App. Div. 869.) A distinction

is thus drawn between a general inspection under Code sections 803–809 and the limited inspection under section 872.

While the order appealed from might, perhaps, be framed in more precise terms, we think it indicates with sufficient clarity that plaintiff is accorded all the rights above set forth.

The order should be affirmed, but without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order affirmed, without costs; the date for the examination to proceed to be fixed in the order. Order to be settled on notice.