REGINA MATZA and Another, Appellants, v. RICHARD M. MONKS and Another, Respondents.— Action by husband and wife to recover for personal injuries and loss of services as a result of the wife's being struck by an automobile at a street intersection. Order dated January 9, 1935, denying, on reargument, plaintiffs' motion for examination of defendants before trial reversed on the law and the facts, in so far as appealed from, with ten dollars costs and disbursements, and motion granted, without costs; the examination to proceed on five days' notice, at a time and place to be designated in the order. The examination sought concerns matters which plaintiffs will be obliged to prove upon the trial. Knowledge of these matters on the part of the plaintiffs is no bar to such an examination. (*Berger* v. *Day*, 228 App. Div. 819.) Appeal from order of December 27, 1934, dismissed. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur. Settle order on notice.

PHILIP E. McCAFFREY, Appellant, v. W. R. COLLINS & Co., INC., and Others, Respondents.— In an action for an accounting, judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

PIERRE MINER, Respondent, v. VICTOR DARWOOD, Appellant, and AUGUSTINE IANNONE, Defendant.— Action to recover damages for personal injuries sustained by plaintiff as the result of a collision between the automobile of defendant Darwood, with whom he was riding as a guest, and the automobile owned by the other defendant. Judgment against both defendants. Appeal by defendant Darwood. Judgment in so far as it affects appellant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

BIRNEY S. MONTGOMERY, Respondent, v. JULIUS H. EDELSTEIN, Appellant, and ARTHUR L. BERGIDA, Defendant.— Action for malpractice against a dentist. Judgment in favor of plaintiff reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The evidence was sufficient to justify the verdict that appellant was negligent in failing to remove part of the root of a tooth extracted by him. · The court erred, however, in charging that appellant was liable for the negligence of another dentist, who fractured plaintiff's jaw when attempting to remove the root. (*Carpenter* v. *Blake*, 75 N Y. 12; *Doyle* v. *New York Eye & Ear Infirmary*, 80 id. 631; *DuBois* v. *Decker*, 130 id. 325.) Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.