Howard G. DeVan and Joseph Fisch, on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of Tobacco Products Corporation of Delaware, Respondents, *v.* Tobacco Products Corporation of Delaware and Others, Appellants, Impleaded with Frederick K. Morrow and Another, Defendants.

First Department, March 8, 1939.

*John C. Bruton, Jr.*, of counsel [*Inzer B. Wyatt* with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellants.

*Meyer Kraushaar*, for the respondent Howard G. DeVan.

*Brandfon, Freeman & Blei*, for the respondent Joseph Fisch.

Dore, J. This is an appeal from an order in a derivative stockholder's action adjudging the witness George Wattley in contempt for willfully disobeying a prior order of the court requiring him to be examined before trial and on the examination requiring the production of " all material or relevant books, papers, records and documents in the possession or under the control of the defendants * * * for use in accordance with section 296 of the Civil Practice Act." The witness was not a defendant, but was being examined as secretary and treasurer of the two corporate defendants.

During the course of the examination plaintiffs' attorney demanded that the witness produce the books and records of two other corporations, Tobacco Products Corporation of Virginia and Tobacco Products Corporation of New Jersey, neither of which is a party to the action. Plaintiffs' attorney also demanded *all* the books and papers of the defendant United Stores Corporation, so that he could inspect them all and embark upon what he himself called " a fishing excursion."

Under the terms of the order there was no express requirement that the witness should produce the books of the two corporations not parties to the suit, both of which appear to be outside the State of New York, and one of which is dissolved. The officer of the defendants who was being examined can be examined only in his capacity as such officer and, under the order in question, may not be compelled to testify as an officer of other corporations not defendants.

Neither was the plaintiffs' attorney justified in demanding that the witness produce all the books and papers of the corporate defendant United Stores. The examination granted was a limited examination under section 296 and not a discovery and inspection under section 324. The distinction between the two proceedings is too obvious for comment. That distinction is referred to in the case on which plaintiffs rely (*Zeltner* v. *Fidelity & Deposit Co. of Maryland*, 220 App. Div. 21, 25), wherein it was pointed out that a general inspection was not allowed where only a limited examination under section 296 had been granted and that a general inspection could be had only pursuant to the provisions relating to discovery and inspection as such.

The order herein contemplated the production of all relevant and material books and papers of the defendants, the examination of witnesses in connection with such books and records to show that the books contained relevant entries of transactions on the particular issue or issues on which the examination was had, and then the inspection of such particular entries, transactions or accounts preparatory to offering them in evidence. Such a limited inspection is proper. (*Strong & Trowbridge Co.* v. *Defiance Machine Works*, 182 App. Div. 869; *Zeltner* v. *Fidelity & Deposit Co. of Maryland, supra.*) Plaintiffs' counsel demanded a general discovery, and the witness has been held in contempt for failure to comply with this wholly improper demand.

If, during the course of the examination of the corporation through the witness, its secretary and treasurer, it should appear that an order under section 296 is not sufficient, plaintiffs have an adequate available remedy by orderly application under section 324 and the rules that regulate the procedure thereunder.

The order appealed from, in so far as it holds the witness George Wattley guilty of contempt and fines him $250, should be modified by striking therefrom all provisions relating to the contempt and fine imposed upon the witness, and should be further modified by providing that the examination heretofore set down for the 9th of March, 1939, should be set down for March 23, 1939, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellants.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order, in so far as it holds the witness George Wattley guilty of contempt and fines him $250, unanimously modified by striking therefrom all provisions relating to the contempt and fine imposed upon the witness, and further modified by providing that the examination heretofore set down for March 9, 1939, be set down for March 23, 1939, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellants. Settle order on notice.