DUNBAR & SULLIVAN DREDGING COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25371.)

Court of Claims, July 27, 1940.

*George H. Rothlauf*, for the claimant.

*John J. Bennett, Jr.*, Attorney-General [*Leon M. Layden, Second Assistant Attorney-General*, and *Joseph I. Butler, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J.   This is a motion made by the claimant, pursuant to subdivision 2 of section 17 of the Court of Claims Act, to secure an order of the court permitting the examination of the State before trial.

The Appellate Division of the Supreme Court, Fourth Department, reversed an award herein made by the Court of Claims and granted a new trial (259 App. Div. 440).   A statement of the claim and of the pertinent provisions of the contract appear in the opinion of Mr. Justice DOWLING.   The claimant and the State entered into a contract for excavation work in the Barge Canal.   Sheet 3 of section 1 of the plans accompanying the contract indicated that 24,294 cubic yards were to be excavated in a particular portion of the canal.   Section 1 contained this note: " This quantity will be reduced approximately 10,000 cubic yards because of maintenance dredging by the State between Locks 2 and 3, Fulton, before contract work is executed in this section."   Sheet No. 3 of section 1

was prepared on or before March 23, 1936, and the contract was let in July of 1936. When the contractor began dredging in this section, it discovered that the State had excavated 17,676.3 cubic yards instead of 10,000 cubic yards noted on sheet 3. Claimant seeks damages for breach of the contract for excavating the additional 7,676.3 cubic yards.

The Appellate Division stated (at p. 444 of its opinion): " We are inclined to the view that the State, under section 1.32, had a right to excavate beyond the 10,000 cubic yards providing such excavation was reasonably necessary in order to maintain navigation in the canal, and whether such excavation was reasonably necessary constituted a question of fact."

At page 445 the court further stated: " The burden was on the claimant to prove that the State was not reasonably justified in excavating the additional 7676.3 cubic yards of dirt. (*Moynehan* v. *State*, 1 N. Y. Supp. [2d] 907.) This burden it failed to carry."

To sustain the burden of proving that the " State was not reasonably justified in excavating the additional 7676.3 cubic yards of dirt," the claimant seeks to examine the State as to the following matters:

" The method employed by the State in making the original survey for Contract U. S. 14, and the computation of quantities, etc.; the number of men and the equipment employed in making such survey; the date such survey was commenced and the date such survey was completed; the length of time required in making the survey for Section 1; the date of the final survey and the time required to make the same.

" The purpose of removing the 10,000 cubic yards shown on Sheet 3 of the contract plans; the method by which the State ascertained said quantity of 10,000 cubic yards· the place or places within Section 1 where the State intended to remove said 10,000 cubic yards, the instructions received by the State from the U. S. Government with reference to removing said 10,000 cubic yards.

" What maintenance dredging, if any, was performed by the State in Section 1 prior to the year 1936; the results of the channel sweepings made by the State in Section 1 in each of the five years preceding 1936 prior to the opening of the canal navigation season; generally concerning the maintenance of the Barge Canal with respect to channel depths and widths; what, if any, vessels grounded in Section 1 during 1935 or in 1936 prior to the state's performing said dredging; the effect of the flash boards maintained by the State on the dams in said canal on the pool elevations in Section 1 during 1936.

" The orders and directions given by the State's officers, agents and employees concerning the removal of the 10,000 cubic yards of excavation by the State's maintenance dredge in Section 1; the date such dredging was commenced and the date such work was completed; the area within which such dredging was performed; the records kept in relation to such dredging; the methods employed in performing such dredging; the manner of operation of such dredge and its performance; the depths to which said excavation was carried.

" And generally as to all matters bearing upon the performance of the excavation work performed by the State within the limits of Section 1, the purposes thereof and the reasons therefor."

Formerly a claimant could not examine the State before trial and could not have a discovery and inspection of the State's records. (*Friedman* v. *State*, 161 Misc. 358; affd., 250 App. Div. 809; motion for leave to appeal to Court of Appeals denied, 251 id. 753; *Langdon* v. *State*, 160 Misc. 946; *Fleming* v. *State*, 162 id. 340.) By subdivision 2 of section 17 of the Court of Claims Act (Laws of 1939, chap. 860) the State may now be subjected by an order of the court to an examination before trial and to an inspection and discovery connected with such an examination. (*Buchalter* v. *State*, 172 Misc. 420; Civ. Prac. Act, § 296.)

The subjects upon which the claimant seeks examination and an inspection and discovery in connection therewith are apparently material and necessary in the prosecution of this claim. The burden of proving that the information sought is not material and necessary is on the State. (*Citizens Trust Company* v. *Prescott & Son, Inc.*, 221 App. Div. 420, 423; *Klauber* v. *S. K. E. Operating Co., Ltd.*, 163 Misc. 418, 421; *Hillick* v. *Edwards & Son.*, 143 id. 277, 279; modfd. and affd., 235 App. Div. 893.) The term " necessary " means " needful " and not " indispensable " or " absolutely necessary." (*Terry* v. *Ross Heater & Mfg. Co., Inc.*, 180 App. Div. 714, 717.) The State has not sustained its burden in this respect.

The motion in so far as it seeks the examination of " such other officers, agents and employees of the State of New York who may be informed concerning the matters upon which such examination is desired," is denied for the reason that it fails to comply with rule 122 of the Rules of Civil Practice, which section, so far as applicable, provides as follows: " If an adverse party, or the original owner of a claim, whose testimony is sought, be a corporation, joint-stock or other unincorporated association, the affidavit must state the office or position in such corporation or association held by the person whose testimony is material and necessary." (*Conn* v. *Hengerer Co.*, 152 Misc. 201.)

The notice of motion reads in part as follows: " and requiring the production at such examination of all records, books, correspondence and papers of the said State of New York relating thereto as more particularly set forth in the annexed affidavit and permitting the use thereof for inspection and for making copies thereof in advance of such examination."

Section 296 of article 29 of the Civil Practice Act provides as follows:

" 296. Production of books and papers. If the deposition is to be taken pursuant to an order, the order may require, in a proper case, the production of books and papers in the custody of the party or person to be examined, as to the contents of which an examination or inspection is desired, and on the examination the books and papers or any part or parts thereof may be offered and received in evidence in addition to the use thereof by a witness to refresh his memory."

Section 324 of article 32 of the Civil Practice Act provides as follows:

" § 324. Power of court to require discovery. A court of record, other than a Justices' Court in a city, by order may compel a party to an action pending therein to produce and discover, or to give to the other party, an inspection and copy, or permission to take a copy or photograph of a book, document, or other paper, or to make discovery of any article or property, in his possession or under his control relating to the merits of the action, or of the defense therein. The procedure for obtaining such order shall be regulated by rules."

The difference between the discovery and inspection allowed by these two sections is thus described in *Harby Steamship Co., Inc.*, v. *Staten Island Shipbuilding Co.* (189 App. Div. 769, 770): " Under the provisions of the Code of Civil Procedure (§ 872, subd. 7, as amd. by Laws of 1911, chap. 781, and Laws of 1913, chap. 278) a plaintiff is entitled to examine a defendant corporation by its officers, directors or managing agents and to require the production of books and papers, which may be offered and received in evidence in addition to the use thereof for the purpose of refreshing the memory. That is the rule which now pertains in the examination of corporations. (*Flamingo Film Co., Inc.* v. *World Film Corporation*, 173 App. Div. 959.) The rule does not mean, however, that a party is entitled to a general inspection of books and papers such as may be obtained under the provisions of sections 803–809 of the Code. It merely contemplates the production of books and papers, the examination of the witnesses in connection with them to show that the books contain relevant entries, and then the inspection of such entries preparatory to offering them in evidence. (*Strong & Trowbridge Co.* v. *Defiance Machine Works*, 182 App. Div. 869.) A

distinction is thus drawn between a general inspection under Code sections 803–809 and the limited inspection under section 872."

Section 296 of the Civil Practice Act now applies to both individuals and corporations. To the same effect is *Singer* v. *National Gum & Mica Co.* (211 App. Div. 758); *Strong & Trowbridge Co.* v. *Defiance Machine Works* (182 id. 869); *Schulz* v. *Agfa Ansco Corporation* (149 Misc. 821).

Subdivision 2 of section 17 of the Court of Claims Act apparently refers to the relevant sections of article 29 of the Civil Practice Act commencing with section 298 and entitled "Testimony by deposition." Section 324 of article 32 of the Civil Practice Act is apparently not embraced within the provisions of subdivision 2 of section 17 of the Court of Claims Act which refers only to an examination before trial. In other words, where an examination before trial could not formerly be had, it is now authorized, but there was then and still is, no authority for an order compelling the State to give a copy or copies or permission to take a copy or copies of records, papers, etc., under section 324 of the Civil Practice Act. The order must, therefore, be limited to the inspection and discovery provided by section 296 of the Civil Practice Act. No interference is meant of course, with the general rules relating to the copies of public documents.

The State contends that the examination before trial is unnecessary for the reason that the information sought is contained in the public records of the State, which the claimant may examine and the presence of which at the trial may be compelled by a subpœna *duces tecum*.

The purpose of an examination before trial is to enable a party to prepare for trial. The proceeding permits the examination and analysis before trial, of evidence material and necessary in the prosecution of the claim, and thereby facilitates the trial of the issues. An inspection of the state records in connection with the examination of the State's officers and agents having personal knowledge of the transactions in question will be more informative and helpful than a mere inspection of the records. The statute permits the examination of witnesses as adverse parties. Said witnesses will undoubtedly be hostile, and claimant should not be compelled to confuse the trial by an examination of unfriendly witnesses at the trial, especially as to evidence wholly within the State's knowledge.

In *Terry* v. *Rose Heater & Mfg. Co., Inc.* (180 App. Div. 714, 717), the court stated as follows:

"Another liberal rule upon this subject was laid down in *Goldmark* v. *U. S. Electro-Galvanizing Co.* (111 App. Div. 526, 528)

in the First Department as follows: ' It is not an answer to such an application to say that the party making the application can subpœna the witness sought to be examined on the trial. Nor is a stipulation by a witness or a defendant that such a witness or defendant would appear for trial and answer to such an application. The Code expressly provides that the deposition is to be taken either before or during the trial. The object is to obtain testimony of an adverse party before the trial so that it can be used at the trial. * * * Nor is it an answer to such an application that the party making it can procure the evidence from other persons than of the person whose deposition is required. The statute does not require that it shall appear that the fact sought to be proved cannot be proved by other witnesses, but it authorizes a party to take the deposition of his opponent where his testimony can prove the fact which he desires to establish.'

" The above rule has been approved in the other three departments. (*Shonts* v. *Thomas*, 116 App. Div. 854; *Richards* v. *Whiting*, 127 id. 208; *Tisdale Lumber Co.* v. *Droge*, 147 id. 55; *Meade* v. *Southern Tier Masonic Relief Association*, 119 id. 761; *Kellogg* v. *Match Supply Co.*, 168 id. 671; *Eckman* v. *Lindbeck*, 178 id. 720.) "

Claimant is entitled to the examination even if he has knowledge of the evidence sought. (*Matza* v. *Monks*, 245 App. Div. 732; *Gaunt* v. *F. W. Woolworth Co., Inc.*, 239 id. 850; *Shul Tan Realty Corp.* v. *Coney Island Estates, Inc.*, 223 id. 772; *Istok* v. *Senderling*, 118 id. 162.)

I am not in accord with the contention of the State that the motion was not timely made for the reason that it should have been made, before the first trial of this claim. At page 446 of the opinion of the Appellate Division herein the court stated: " Notwithstanding the fact that the claimant failed to establish its claim, the interests of justice require that a new trial should be had as a full development of the facts is essential to a proper solution of this controversy." The purpose of this motion is to enable " a full development of the facts " which are " essential to a proper solution of this controversy." The opinion of the Appellate Division is dated May 8, 1940. The notice of motion was returnable on the 26th day of June, 1940. The claimant has moved seasonably pursuant to the decision of the Appellate Division.

The claimant and the Attorney-General should endeavor to agree upon the times and places for holding the examination in order that it may be held with as little inconvenience as possible. If the parties are unable to agree, the court will designate the times and places.

Settle order on notice.