ISABELLE THOMAS, as Committee of the Person and Property of JAMES THOMAS, an Incompetent, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29889.)

Court of Claims, February 1, 1950.

*Irving Levine* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Melvin J. Carro* of counsel), for defendant.

GORMAN, J. This is a motion for discovery and inspection of " all records, medical and otherwise " pertaining to one James Thomas, an incompetent, in the course of his incarceration at Rockland State Hospital. The claim alleges that the incompetent sustained injuries due to the negligence of the State of New York, on the 23d day of May, 1946, while an inmate of the institution.

An examination of the attendant in charge of the incompetent at the time of the alleged accident and of the doctor who first administered medical treatment to him afterward, has been had pursuant to an order of this court. The examination of the doctor disclosed that he had no independent recollection of the incident and the records produced at that time failed to refresh his recollection.

The amendment of the Court of Claims Act (L. 1939, ch. 860) permitting examinations before trial, did not extend the right of discovery and inspection under section 324 of the Civil Practice Act. (*McHugh* v. *State of New York,* 78 N. Y. S. 2d 903.) Only a limited inspection of relevant records in accordance with section 296 of the Civil Practice Act is allowed. (*Dunbar & Sullivan Dredging Co.* v. *State of New York,* 174 Misc. 743; *Laitenberger* v. *State of New York,* 57 N. Y. S. 2d 418, 421.) That part of the application seeking a general discovery and inspection is therefore denied.

Claimant has asked, however, for other and further relief. Section 20 and subdivision 9 of section 34 of the Mental Hygiene Law require that a record be kept of each patient, which shall show among other things, his personal history, mental state, bodily condition, and medical treatment. Both sections expressly provide for access to the records upon an order of a judge of a court of record. The trend of present-day thinking is in accord with greater latitude in affording pre-trial information concerning relevant issues. This is particularly true where unusual circumstances are present. It is apparent that material information within the mandate of the above sections is necessary for a proper presentation of the claim. The relevant details of the supervision, bodily condition, treatment and care of the incompetent from the time he entered the hospital until the date of the accident should be produced for the purposes contemplated in section 296 of the Civil Practice Act, including the necessary inspection of counsel.

Order accordingly.