Audrey L. Franklin, Claimant, v. State of New York, Defendant. (Claim No. 30509.)

Kenneth E. Franklin, as Guardian ad Litem for Dennis E. Franklin, an Infant, Claimant, v. State of New York, Defendant. (Claim No. 30510.)

Kenneth E. Franklin, as Administrator of the Estate of Dale A. Franklin, Deceased, an Infant, Claimant, v. State of New York, Defendant. (Claim No. 30511.)

Kenneth E. Franklin, as Guardian ad Litem for Marlene R. Franklin, an Infant, Claimant, v. State of New York, Defendant. (Claim No. 30512.)

Kenneth E. Franklin, Claimant, v. State of New York, Defendant. (Claim No. 30513.)

Court of Claims, March 3, 1951.

*Charles P. McCabe* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* of counsel), for defendant.

LAMBIASE, J. This is a motion for an order (a) to examine the State of New York before trial pursuant to subdivision 2 of section 17 of the Court of Claims Act, (b) directing discovery and production under section 324 of the Civil Practice Act, and (c) for such other and further relief as to the court may seem just and proper in the premises.

Upon the return day of the motion the notice of motion was duly amended so as to provide that the examination of the State be had through the examination of Herman T. Stichman, New York State Housing Commissioner, and/or John T. Haugaard, Jr., Deputy Commissioner of Housing, and/or S. Water Van Nostrand, Associate Director of the Bureau of Management, State Division of Housing, and/or Harry R. Felton, Field Assistant of the New York State Division of Housing, and Bertram Tallamy, State Superintendent of Public Works. The State of New York has submitted no answering affidavits or other papers to the court in connection herewith, and has not indicated or made known to the court any objection to the granting of the relief herein asked for.

Each of the above-entitled claims as filed contains the following: " This claim is for the negligence of New York State, its officers, agents, servants and employees, which acts of negligence occurred at 22 Veterans Drive, Kensington-Fillmore Veteran Emergency Housing Project, Buffalo, New York on or about January 5, 1949, by reason of which this claimant, * * * sustained such injuries as herein mentioned and set forth in that the defendant, New York State, its officers, agents, servants and employees, at all times herein mentioned and set forth, constructed, owned, controlled, maintained and operated the Kensington-Fillmore Veteran Emergency Housing Project, Buffalo, New York in such a careless and negligent manner and more particularly constructed, owned, controlled, maintained and operated so carelessly and so negligently, an apartment unit within said Project wherein this claimant, * * *, resided, that a fire occurred in said apartment unit, by reason of which said fire this claimant, * * *, sustained such injuries as herein mentioned and set forth." (Claim, par. " Second ".)

We grant the motion as to item (a) above by the examination of Herman T. Stichman, Commissioner of Housing, State of New York, concerning the items hereinafter set forth, without prejudice, however, to a further application, or to a renewal of this application as to the persons other than said Herman T.

Stichman mentioned in the notice of motion as amended herein, if said Herman T. Stichman has no knowledge or information concerning the same:

1. The making of any contract between the State of New York and the contractor who constructed and erected the structures involved in the above-entitled claims.

2. The making of any contract between said contractor and subcontractors for the construction and erection of the structures involved in the above-entitled claims.

3. The persons, firms, or corporations, if any, from whom or from which were purchased the materials for the construction and erection of the structures involved in the above-entitled claims.

4. The contents of any plans for the construction and erection of the structures involved in the above-entitled claims.

5. The contents of any specifications for the construction and erection of the structures involved in the above-entitled claims.

6. The contents of any lease agreement made on or about the first day of February, 1948, between the City of Buffalo and/or the State of New York and the claimants in the above-entitled claims.

7. Any written and oral transactions and agreements between the State of New York and said contractor; the State of New York and said subcontractors; and the State of New York and all other corporations, firms, or individuals with reference to the construction and erection of the structures involved in the above-entitled claims.

8. All written and/or transactions and agreements, if any, between said contractor and said subcontractor, and between said contractor and other corporations or individuals regarding the construction and erection of said structures involved in the above-entitled claims.

9. The names of any officers, agents, servants, and employees of the State of New York who constructed or erected the said structures and/or who inspected the construction and erection of said structures involved in the above-entitled claims.

We deny the motion as to item (b) above which seeks discovery and production under section 324 of the Civil Practice Act.

Prior to the amendment of section 324 of the Civil Practice Act, effective September 1, 1945 (L. 1945, ch. 727), there was no authority and there was a lack of power to grant and to apply the remedy therein provided in claims brought against the

State of New York in the Court of Claims. (*Dunbar & Sullivan Dredging Co.* v. *State of New York,* 174 Misc. 743.) See, also, *Laitenberger* v. *State of New York* (57 N. Y. S. 2d 418) wherein, among other things, we construed said section as it read before said amendment, the application thereunder having come on before us and having been submitted to us prior to September 1, 1945, and wherein we followed the holding in the *Dunbar* case. The aforesaid amendment, since the date of its taking effect, has subjected a public or municipal corporation to the remedy in said section provided. However, it does not overcome the lack of power to grant such remedy against the State of New York, and it does not subject the State of New York to such remedy. (See Twelfth Annual Report of N. Y. Judicial Council, 1946.)

The production is ordered of the following if the same are in the custody of the State of New York:

1. The plans for the construction and erection of the structures involved in the above-entitled claims, or a certified copy thereof.

2. The specifications for the construction and erection of the structures involved in the above-entitled claims, or a certified copy thereof.

3. All other papers with reference to the construction and erection of the structures involved in the above-entitled claims.

4. The contract and all other written agreements between the State of New York and the contractor who constructed and erected the said structures involved in the above-entitled claims, or a certified copy thereof.

5. Any and all contracts and all other written agreements made between the State of New York and the subcontractors of said contractor for the construction and erection of the structures involved in the above-entitled claims. The above are to be used on said examination before trial only for the purposes specified and provided for in section 296 of the Civil Practice Act, and in accordance with the provisions of said section.

In our opinion the relief which we have provided for herein is material and necessary to the prosecution of the claim, and except as to such relief as is herein granted, claimants' motion is denied.

The claimant and the Attorney-General should endeavor to agree upon the times and places for holding the examination in order that it may be held with as little inconvenience as possible; and they may agree upon a person before whom the examination shall be had. The fees and expenses of such an examination

shall be paid by claimants, including the cost of a copy of the stenographer's minutes to be furnished to the Attorney-General. If the parties are unable to agree upon those matters concerning which agreement is suggested, the court will make provision therefor in the order.

Settle order on notice.