WILLIAM WAGER, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 31236.)

Court of Claims, May 7, 1953.

*N. Le Van Haver* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David V. Seaman* of counsel), for defendant.

LOUNSBERRY, P. J. The claim herein is based on the alleged negligence of the State in the construction, maintenance, and marking of a section of the State highway where the claimant was injured when an automobile, in which he was a passenger, ran off such highway.

On January 5, 1953, the claimant moved for an examination of the State before trial with respect to, among other matters, " Survey reports, investigations and recommendations made by or to the State of New York relative to the plan, design, maintenance and alteration of said highway and shoulders prior to the date of the accident in question."

With the consent of the State an order granting such motion, and directing the examination of certain State officials, was made by this court (SYLVESTER, J.), January 26, 1953, which order provided, " Relevant records are to be produced thereat for use in accordance with C. P. A. Sec. 296."

Upon the ensuing examination, claimant's attorney inquired concerning safety investigations and recommendations with respect to the area of highway in question, made prior to the date of the accident, and requested that all documents relating to such investigations be produced. Certain letters and inter-departmental memoranda between the Ulster County representative of the Department of Public Works and the State Director of Public Safety, relative to the location, were then produced in the examination room. Claimant's attorney asked that they be made available for his inspection, but the Attorney-General objected. The State witnesses then used the documents to refresh their recollections, but at no time was the claimant's attorney permitted to see them.

The claimant now seeks an order directing the State to produce such letters and memoranda for inspection by his attorney. The State contends that the claimant is entitled to examine only

such documents as would be admissible in evidence and that the letters and memoranda in question were not, for a variety of reasons, so admissible. In support of this contention, the State cites, among others, *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24 [1927]); *Raleigh* v. *City of New York* (264 App. Div. 776), and *Ehrlich* v. *New York Central R. R. Co.* (251 App. Div. 721). Those cases, however, all deal with discovery and inspection under section 324 of the Civil Practice Act, a remedy not available in the Court of Claims (*Dunbar & Sullivan Dredging Co.* v. *State of New York*, 174 Misc. 743). We do not interpret them to apply to the limited inspection permitted under section 296 of the Civil Practice Act and subdivision 2 of section 17 of the Court of Claims Act. Under section 296 of the Civil Practice Act where, as here, the examination is conducted pursuant to an order directing the production of books and papers, " on the examination the books and papers or any part or parts thereof may be offered and received in evidence in addition to the use thereof by a witness to refresh his memory."

The papers now in question were used by the witnesses to refresh their recollections. It is well established that opposing counsel has the right to inspect any papers or memoranda so used. (Richardson on Evidence [7th ed.], § 552; annotation, 125 A. L. R. 20, 194.) For all practical purposes claimant's attorney was here in the position of opposing counsel. Further, under section 296, he has the right to offer the papers so used in evidence. In fact he can offer them even though they were not used to refresh recollection. (*Beeber* v. *Empire Power Corp.*, 260 App. Div. 68; *Zeltner* v. *Fidelity & Deposit Co.*, 220 App. Div. 21.) Whether the items so offered are in fact admissible in evidence is not for his opponent, or even for the person presiding over the examination, to determine. Such determination is a matter for the trial court (4 Carmody on New York Practice, § 1262).

The State having produced and used the documents in question, we conclude that the claimant's attorney was entitled to inspect them and to offer them in evidence if he saw fit, with the question of their admissibility to be determined later by the trial court. To hold otherwise would be, in this instance, to constitute the Attorney-General the sole judge of admissibility in evidence, to subject the claimant to an unreasonable handicap, and to defeat in some part the purpose both of the original order and of section 296 of the Civil Practice Act.

Accordingly, it is directed that the examination before trial be reconvened at such time and place as the parties may agree; that the State there produce the same letters and memoranda which were produced on the earlier hearings, and that claimant's attorney be permitted to inspect the same in accordance with the provisions of section 296 of the Civil Practice Act. An order may be submitted accordingly. If the parties are unable to agree as to such time and place, the court will fix the same.