Russell G. Hunt, J.
This is an application for leave to amend the claimants’ joint claim so as to set up an additional cause of action; also, to compel answers to certain questions propounded to State employees and not answered upon an examination before trial (Court of Claims Act, § 17) heretofore held; and, for a discovery and inspection of records relating to the construction and maintenance of the hallway in the basement of the State education building at Albany.
The claim, filed herein on June 13, 1955, alleges that the claimant, Irma Class, fell on the basement floor on March 22, 1955, and sustained injuries. The nature of the claim (Court of Claims Act, § 11) was stated to be one arising from the painting of the floor of the hallway with a paint which caused a slippery condition and in permitting a cellophane wrapper to remain for some time thereon and upon which she stepped and slipped; thus, the charge was want of due care in keeping up the floor' and this presents a question of negligence (Melker v. City of New York, 190 N. Y. 481, 490).
The application to amend the joint claim would set up another cause of action arising from the allegedly improper and unsafe construction of the hallway floor. Enough is set forth in the moving affidavit of claimants’ counsel (a proposed amended claim was not submitted) to show that what is intended is a cause of action based upon nuisance, that is, that the basement floor was not properly and safely constructed in the first place (Glover v. Holbrook, Cabot & Rollins Corp., 189 App. Div. 328, 329; Uggla v. Brokaw, 117 App. Div. 586, 593). Negligence and nuisance “ are separate and distinct wrongs ” (Elfenbein v. Town of Mamaroneck, 267 App. Div. 998, 999). While the practice generally in respect to amendments is liberal, this court is limited by subdivision 3 of section 10, when it is desired to set up a new cause of action. This section provides a time limitation which is jurisdictional and it would ultimately prove futile to permit an amendment whereby another and different cause of action would be set up after the time limited therefor had expired (Waldo v. State of New York, 2 A D 2d 730; A. W. Banko, Inc., v. State of New York, 186 Misc. 491, 494). The application is denied.
*129 The motion for a discovery and inspection of records would seek relief which is too broad. The extent to which discovery and inspection is permitted under section 324 of the Civil Practice Act does not apply with respect to claims against the State in the Court of Claims; it is only the limited inspection of records under section 296 of which the claimants herein may avail themselves (Maloney v. State of New York, 282 App. Div. 850; Di Laura v. State of New York, 275 App. Div. 639; Kiernan v. State of New York, 191 Misc. 505; Franklin v. State of New York, 201 Misc. 175; Wager v. State of New York, 204 Misc. 598, 600; Thomas v. State of New York, 197 Misc. 288; Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 47). So, too, is the “ very conservative construction ” given to section 288 of the Civil Practice Act where it has been sought, unsuccessfully, to examine the State before trial, in actions in which it is plaintiff (People ex rel. Port Petroleum Corp. v. Atlantic Coast Term., 2 A D 2d 153).
Upon the further examination before trial to be held, it is directed that the questions referred to in the moving affidavit as Nos. 78 and 87 be answered and that the records relating to the maintenance of the floor referred to in question No. 39 be produced under section 296 of the Civil Practice Act. The application to compel answers to the remaining questions is denied. The State has stipulated to produce Marie Frank, a State employee, for examination respecting reports of the accident received and made by her in the course of her employment. The only additional records to be produced are those relating to the maintenance, operation and control of the hallway in the basement of the education building at the place of the accident, under section 296 of the Civil Practice Act.
The further examination before trial shall be held at a time and place to be agreed upon between the parties, and, in the absence of agreement, the time and place will be set in the order.
Submit order in accordance herewith.