Henry Clay Greenberg, J.
Various examinations before trial are pending in a consolidated stockholders’ derivative action (hereinafter referred to as “ stockholders’ action ”) and in an action" commenced by four directors of the corporations involved (hereinafter referred to as “ directors’ action ”), who are also defendants in the stockholders’ action.
It is clear that there is a distinct attempt by the stockholders on the one hand and the directors on the other hand to play for preferential position in the conduct of the examinations before trial. This is made evident not only by the several oral arguments which took place, but by knowledge of the fact, as announced to the court, that there is a proxy fight in existence between the various parties and others in these several actions.
*754 In order to avoid confusion and to set up a program whereby the examinations may proceed in orderly fashion without undue hardship to any of the parties, counsel for the respective parties have requested the court to (1) determine the order in which the examinations should proceed and (2) pass upon various objections interposed by counsel for the defendants in the directors’ action.
It became necessary, therefore, to have all of the parties before the court and, accordingly, counsel in the stockholders’ action agreed with counsel in the directors’ action that such disputes as might arise between them would also be resolved by this court, and it was requested that such disposition as may be made by the court with respect to objections made by counsel for the defendants in the directors’ action would apply with equal force to the examinations being conducted by counsel in the stockholders’ action.
Consequently, it becomes necessary to consider briefly the historical picture. The Levy action (referred to as action No. 1) was commenced on April 15,1957; the Adler action (referred to as action No. 2) was commenced on April 30, 1957; and the Handman action (referred to as action No. 3) was commenced on May 1,1957. These three actions, as has already been indicated, were consolidated by order of this court, and the order was affirmed by the Appellate Division.
Subsequently, and on or about July 22, 1957, certain of the directors who had been named defendants in the three stockholders’ actions commenced an action referred to as action No. 4 on behalf of the corporation against other directors who are also defendants in the consolidated stockholders’ action.
In the stockholders’ action, examinations before trial were commenced on September 20, 1957 and continued down to February 26, 1958. Several witnesses have been examined and considerable testimony has been taken in that consolidated action.
In the directors ’ action, only one examination has taken place and that of one of the directors, which occurred on February 24, 1958, and that examination precipitated the various matters which have now been presented to this court for disposition.
It is contended by counsel in the directors’ action that even though his action was started some three months after the first of the actions in the consolidated action, and even though his examination was commenced many months after the commencement of the examinations in the stockholders’ action, he, nevertheless, should have priority in examination of the defendants in his case because (a) the directors have a substantial stock inter *755 est in the principal corporation and its wholly-owned subsidiary and (b) because directors are given a statutory right to proceed against claimed wrongdoing directors and officers and (c) further because of the suspicion in the mind of the attorney for the plaintiffs in the directors’ action that there is some sort of an unholy agreement existing between the attorneys for the plaintiffs in the stockholders’ action and the attorneys for the defendants there to compromise and settle the actions. I think the answer to this argument is quite obvious. The stockholders not only are in a position of priority from the standpoint of the commencement of their action by at least three months and from the standpoint of the commencement of the examinations before trial by four or five months, but the plaintiffs in the directors’ action are also defendants in the stockholders’ action.
Furthermore, other than mere suspicion, which this court cannot accept, there is nothing to show that the corporation which will be the principal beneficiary of the lawsuits, if successful, will suffer in any respect if the examinations by the stockholders are given a preference.
The court recognizes that there is a more substantial stock interest in the directors’ action; nevertheless, standing alone, that is insufficient to confer a superior right on the plaintiffs in that action. Moreover, it ought to be pointed out that the plaintiffs in the directors’ action were directors on the date that the crucial transaction complained of was consummated, namely, November 7, 1956, and they resigned for a period of only 48 hours and then returned to the membership of the board on November 9, 1956. Nevertheless, they took no steps to remedy the situation until months after the stockholders’ action had been initiated and many more months after the commission of the alleged wrong. While mere priority in commencement of action should not determine the issue here involved, there are other factors which compel the conclusion as recited above that the stockholders should be permitted to continue their examinations to completion and then the plaintiffs in the directors’ action may proceed with their examinations of the defendants in their ease. Accordingly, with respect to this first issue the court rules as follows:
1. The plaintiffs in the consolidated stockholders’ action will continue with their examinations on dates either to be agreed upon by the parties or fixed by the referee to be appointed herein. Cross-examination may then take place and the examinations of the defendants and cross-examination must be brought to a conclusion within a reasonable period of time as will be determined by the referee.
*756 •2. The plaintiffs in the directors’ action will then pursue their examination of the defendants in their action.
.3. The plaintiffs in the stockholders:’ action will then proceed with an examination of the plaintiffs in the directors’ action who are also defendants in the stockholders’ action.
With respect to various objections made by counsel for the defendants in the stockholders’ action, the court’s conclusion is as follows:
1. The defendants in both actions will be required .to produce documents which have come into existence subsequent to the filing of the suit and down to the present time. Since the action is primarily in equity for an accounting, the decree speaks as of the date of its entry and, therefore, plaintiffs are entitled to such documents.
2. Under section 296 of the Civil Practice Act, as amended, an examining party may inspect books, records and documents even if they are not used to refresh the recollection of the witness if they are material and necessary to the issues involved in the prescribed examinations before trial and as an incident to such examination. This does not mean that the examining party or parties may generally inspect the books and records of the party or parties examined. If the record sought to be examined is material and falls within the orbit of the other requirements hereinabove set forth, then it may be inspected even though the party being examined did not write the particular letter, record or document. It still is not the rule in this jurisdiction that, under section 296, a broad and general discovery and inspection may be had. Such relief is provided for in an appropriate provision of the Civil Practice Act. The rule here applicable is well stated in Strong & Trowbridge v. Defrance Mach. Works (182 App. Div. 869) and Harby S.S. Co. v. Staten Is. Shipbuilding Co. (189 App. Div. 769).
3. The stock ownership of the Lekrem Corporation is crucial to the allegation in the complaint that defendant Robinson dominated and controlled the corporation. This allegation has been put in issue. Evidence concerning it is both material and necessary to the prosecution of the case. Accordingly, plaintiffs in the stockholders ’ action and in the directors ’ action are entitled to an examination of the books and records of the Lekrem Corporation in order to elicit evidence with respect to the issue of Robinson’s claimed domination and control of the corporation.
4. Upon request by the attorney for the plaintiffs in the directors’ action and the attorney for the plaintiffs in the stockholders’ action, and no objection having been interposed by *757 counsel for the defendants in both actions, the court will appoint Hon. Louis A. Valente Referee to preside over the various .examinations and the Referee will determine the relevancy of questions asked and the propriety of the introduction into evidence of books, records and documents under the rules outlined by this court.
Settle order.