Jambs A. Roe, Jr., J.
Heretofore an order was made and entered in this court directing the defendant to be examined before trial and that the employee or employees produced by it “ also submit to examination concerning all prior accidents which occurred during the period one year prior to the accident-sued upon and in the vicinity of the el pillar involved.” The defendant produced for examination police officer George Fedorishin who was unable to testify with respect to prior accidents without reference to certain records which were in possession of the Assistant Corporation Counsel. A blank space was provided in the transcript which was filled in with respect to a prior accident that occurred on July 31, 1958, and with respect to other accidents occurring on the same location, which were not within the knowledge of the witness, the Assistant Corporation Counsel supplied information to the plaintiffs’ attorney as to an accident which occurred on July 14,1958. The plaintiffs now move for an order for the completion of the examination of the officer who was examined with regard to the prior accident that occurred on July 31, 1958, and also to direct the defendant to *57 produce a person having knowledge of the accident which occurred on July 14, 1958, or, in the alternative, for a discovery and inspection of such records.
It has been held that evidence of prior accidents to show a dangerous condition becomes relevant when from such evidence it appears that the pillar and the approach to the pillar were so constructed or maintained that such accidents occurred though the drivers of the vehicles involved were operating at a reasonable rate of speed under the physical conditions then existing; that such conditions existing at the time of prior accidents, to be relevant, must have been substantially similar to those existing in the case at bar. (Kaplan v. City of New York, 10 A D 2d 319.)
It has also been held that writings used by a witness to refresh his recollection may be inspected by plaintiff’s attorney and offered in evidence at the examination and whether they are ultimately admissible is to to be determined by the trial court. (Wager v. State of New York, 204 Misc. 598; Romano v. Mt. Sinai Hosp., 150 N. Y. S. 2d 246.)
In view of the failure of the defendant to permit the plaintiffs’ attorney to see the record of the accident to which officer Fedorishin testified and the records of the other prior similar accident, with respect to which no witness was produced having knowledge thereof, the motion is granted. The examination of officer Fedorishin will be resumed and the defendant will be required to produce such other employee presently under its control who has knowledge of the facts of other prior similar accidents, and to produce records thereof as required by the prior order of this court. Settle order.