Chief Judge Breitel
(dissenting). The majority opinion draws a fine distinction to overcome the requirement, mandated in EPTL 5-4.1, that the wrongful death claim be brought within two years of death. With the statutory construction and policy considerations on. which its analysis rests, however, I cannot agree. Most troublesome perhaps is the use of CPLR 203 (subd. [e]) to merge unjustifiably two disparate causes of action.
CPLR 203 (subd. [e]), set forth in the majority opinion, provides flexibility in transactional pleading to mitigate the impact of Statutes of Limitation, under a now-rejected formalism. Before CPLR, and, for that matter, before the modern approach to pleading, litigátion was bedevilled and constricted by forms of action as they had tortuously evolved from and through the common law. For better or for worse, but mostly for worse, Statutes of Limitation were measured by formal causes of action, thus determining when formal causes of action arose. Unfortunately, that is still sometimes true (cf. Mendel v. Pittsburgh Plate Glass Co 25 N Y 2d 340).
*253 But that is not the problem in this case. Wrongful death is not merely an aggravated damage claim predicated on personal injury, but an entirely different cause of action. The personal injury action is brought by the party for his own personal injuries. Where those injuries result in fatality, the wrongful death action is brought by the representative of the decedent’s estate on behalf of the distributees for loss of support and other medical and funeral expenses incidental to death (see EPTL 5-4.1, 5-4.3). Thus, the claims are proper to different parties, are predicated on discrete theories of loss, and, as in this case, may accrue at different times. The only common basis is defendant’s initial wrongful conduct to which injury and death are proximately related. In sum, they are distinct and separate claims by almost all, if not all tests.
Returning to CPLR 203 (subd. [e]), the relation-back provision of that statute was intended solely to unfreeze the rigid cause of action categories of another and earlier day. CPLR 203 (subd. [e]) deems a “cause of action” asserted in an amended pleading to have been interposed at the time of the original pleading if related to the same claim or transactions embraced in the original pleading. Expressly excluded, however, are situations where ‘ ‘ the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” Indeed, CPLR 203 (subd. [e]) was designed in terms to cover only “ amended pleadings ”, not a “ supplemental ” pleading of additional occurrences (see CPLR 3025, subd. [b]). The purpose of CPLR 203 (subd. [e]) is to give the plaintiff someJeeway in determining the precise legal classification of rights he seeks to enforce as a result of defendant’s wrongful conduct. It is not to give the injured party’s dependents a tolling of the Statute of Limitations on a claim which had not accrued as of the initial pleading (see McLaughlin, Practice Commentary to CPLR 203, McKinney’s Cons. Laws of N". Y., Book 7B, p. 122; but see Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 203, 1973 Supp., p. 11).
As for EPTL 11-3.3 (subd. [b], par. [2]), also set forth in the majority opinion, it is simply a rational grant of right to add the death cause of- action to the complaint for personal injuries, not because it is an extension of the personal injuries *254 claim, but because it would be economical to try the cases together. The implication one should draw is that the enlargement of the complaint is permitted only if there is the right to sue, of which the lack of a limitations bar is at the threshold. The statute does not, as the majority seems to agree, permit enlargement to include an otherwise barred claim, however barred. The statute allows joinder as a procedural mechanism; it does not change substantive rights or purport to revive substantive rights terminated by limitation, release, or the like.
These would still be mere technicalities supporting a framework of logic and little more, but for a significant fact which makes the issue one of substantial justice. Neither the deceased’s lawyers nor defendant evidently knew of his death until the two-year limitation period had expired. This makes quite difficult the discovery of evidence as to the cause of death and its relationship to the alleged malpractice, which for this purpose may be assumed to have occurred.
It is staleness of proof to which Statutes of Limitation are primarily addressed, not to bar valid claims, but to prevent the assertion of claims, dubious, or difficult to disprove because of the lapse of time and its adverse effect on the availability and reliability of evidence (see 1 Weinstein-Korn-Miller, New York Civ. Prac., par. 201.01). Since the proximate cause of the death of plaintiff’s testator is a decisive issue in the wrongful death action, one of the principal reasons for the two-year limitation period is to allow the defendant a reasonable opportunity to assemble evidence with respect to the circumstances surrounding death. Although a physician found guilty of malpractice or any other tort-feasor is generally liable to the injured party or his dependents for subsequent wrongful aggravation of the injuries by other physicians, the initial tortfeasor is entitled to seek indemnity or contribution from the succeeding negligent physicians (see Primes v. Ross, 123 N. Y. S. 2d 702; cf. Montgomery v. Edelstein, 245 App. Div. 732; see, generally, Ann., Indemnity — Improper Medical Treatment, 8 ALR 3d 639; 45 N. Y. Jur., Physicians and Surgeons [rev.], §§ 166, 168). And there will in many instances, be a substantial issue of fact whether the death of the injured party was caused by the original malpractice. Thus, a physician charged with malpractice, notably only diagnostic malpractice, *255 leading to wrongful death will have a valid concern with receiving timely notice of the event and circumstances of death, in order promptly to investigate and obtain evidence of the proximate cause of death and the likelihood of supervening malpractice or negligence by others. The two-year Statute of Limitations recognizes this concern, but is undermined by the ruling in this case.
The practical precedential consequences cannot be minimized. The bar to the wrongful death action has been effectively removed whenever there has been a precedent injury action. Indeed, it is doubtful that the Legislature would itself have gone so far, particularly where it has strongly resisted extending the applicable Statutes of Limitation in cases of medical malpractice.
This case provides an egregious application for the new rule. The diagnostic malpractice occurred in 1966-1967. The May, 1968 action evidently lay dormant. Decedent died in 1969. No personal representative was qualified until 1973, and not until 1973 was the old complaint sought to be enlarged, over six years since the alleged malpractice. Good causes of action are not so lightly forgotten; but old ones, even if not very good, are valuable nuisances because of the difficulty of proof especially where there has not been early notice of claim.
In summary, the majority parlays two statutes into a statutory melange, like two playing cards bracing a flimsy. Neither construction can stand on its own bottom. Neither statute was intended to nor should it have the reach it is being given in this case. Adding their disparate functions together does not generate a sound rule or provide sound statutory construction.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Gabrielli, Wachtleb and Wither* concur with Judge Jones; Chief Judge Bbbitel dissents and votes to affirm in a separate opinion in which Judge Stevens concurs; Judge Rabin taking no part.
Order reversed, with costs, and plaintiff’s motion to amend the complaint granted. Question certified answered in the negative.

 Designated pursuant to section 2 of article VI of the State Constitution.