Mary E. Cooper, Respondent, v. Village of Brockport, Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements. Memorandum. While the order in form is one for the examination of witnesses, not parties, they are described as officials of the village-defendant and the purpose of the proposed examination is to elicit information as to knowledge which has no importance except as it constitutes knowledge on the part of the village. A municipality cannot be examined as a party. (*Davidson* v. *City of New York*, 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York*, 259 id. 509; *Greenberg* v. *City of New York*, 235 App. Div. 788; *Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 id. 294.) All concur. (The order granted a motion for the examination of officers of defendant before trial in an action to recover damages for injuries sustained by reason of a tree falling on an automobile.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

The People of the State of New York ex rel. Leo Majewski, Respondent, v. Romeyn F. Dunn, as Superintendent of Monroe County Penitentiary. The People of the State of New York, Appellant.— Order reversed on the law and relator remanded to custody. Memorandum. The statute (Chapter 478 of the Laws of 1934, which repealed the Alcoholic Beverage Control Law of 1933 and all amendments thereto and added a new Alcoholic Beverage Control Law) did not become effective until the 1st day of July, 1934, by the very terms of the statute. In our opinion section 132-a of the Alcoholic Beverage Control Law as in force on the 28th day of March, 1934, was sufficient by reason of its tenth subdivision to provide for penalties in relation to the illegal sale of liquors and was not repealed by the amendment of that section by chapter 108 of the Laws of 1934 which took effect April 1, 1934. The amendment by the latter statute was in no way inconsistent with the provisions of the section in force before such amendment. All concur. (The order sustained a writ of habeas corpus and directed relator discharged.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

The People of the State of New York, Respondent, v. Grover C. Ashley, Appellant.— Time for argument enlarged to include November term.

The People of the State of New York, Respondent, v. Veto Polito and Another, Appellants.— Time for argument enlarged to include November term.

The People of the State of New York, Respondent, v. John J. Brennan, Appellant.— Time for argument enlarged to include the November term.

Nathan Kianoff and Others, Appellants, v. Niagara Permanent Savings and Loan Association, Respondent.— Appeal dismissed unless printed records and briefs are filed and served by November 15, 1935.