CORA M. LANGDON, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24496.)

Court of Claims, November 10, 1936.

*Louis E. Krohn,* for the claimant.

*Owen M. Begley, Assistant Attorney-General,* for the defendant.

BARRETT, P. J. This is a motion, under sections 288, 289 and following sections of the Civil Practice Act and title 15 of the Rules of Civil Practice, for examination of officers and employees of the Utica State Hospital before trial herein.

By section 14 of the Court of Claims Act it is provided that the Court of Claims may establish rules, regulate its practice, prescribe the form and method of procedure before it, vacate or modify judgments and grant new trials, " and except as otherwise provided in said rules and regulations, or the Civil Practice Act, the practice shall be the same as in the Supreme Court." There is no applicable rule of the Court of Claims, and the question is whether such examination is authorized by the Civil Practice Act. In *Bush Terminal Co.* v. *City of New York* (259 N. Y. 509) it was held that such provisions do not apply to a municipal corporation as a party. (See, also, *Davidson* v. *City of New York,* 221 N. Y. 487.) I can see no distinction between these cases and this claim in which the State is defendant. There being no express statutory authority for the examination, the motion must be denied. An order may be submitted accordingly.

RYAN, J., concurs.