SAMUEL FRIEDMAN, as Administrator, etc., of MORRIS FRIEDMAN, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 24483.)

Court of Claims, December 16, 1936.

*Sachs & Picket* [*Morway Picket* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Darwin W. Telesford, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J.  This is a motion made by claimant for an examination of witnesses before trial, and for an order permitting claimant to inspect and discover records and to make extracts therefrom, and to examine witnesses with respect thereto, and to inspect and discover and photograph the premises where the accident is alleged to have occurred.

There is no statutory authority for the examination, inspection or discovery sought by the claimant.  The Court of Claims Act and Rules of the Court of Claims make no provision for such examination or discovery.  The fact that plaintiff is a representative of a deceased, and brings this action in a representative capacity, does not afford him further or additional rights.  (*Falco* v. *N. Y., N. H. & H. R. R. Co.,* 161 App. Div. 735, 738.)  While the examination sought herein is of " witnesses," it is my opinion that the result would be the same as the examination of the State as a party; the examination would be of officers and employees of the State.  (*Cooper* v. *Village of Brockport,* 246 App. Div. 571.)

Upon the authority of the case of *Bush Terminal Co.* v. *City of New York* (259 N. Y. 509), and the recent decision of the Court of Claims in *Langdon* v. *State of New York* (160 Misc. 946), the motion herein must be denied.  Submit order accordingly.

BARRETT, P. J., concurs.