THE WADDINGTON BANK, Appellant, v. F. HUGH BURNS, Respondent. THE WADDINGTON BANK, Appellant, v. WILLIAM J. PALMER, Respondent. THE WADDINGTON BANK, Appellant, v. ALEXANDER D. OLIVER, Respondent. THE WADDINGTON BANK, Appellant, v. HARRY D. WILSON, Respondent.— Plaintiff in each of these actions has appealed from an order of the Special Term of the Supreme Court denying its application for an order vacating a notice for the examination of its cashier before trial. The actions are to recover on promissory notes. The answers plead affirmative defenses raising issues as to the validity of the notes, their transfers, and present ownership. Orders affirmed, with ten dollars costs and disbursements as of one motion. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; Crapser, J., not voting.

SAMUEL FRIEDMAN, as Administrator, etc., of MORRIS FRIEDMAN, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24483.) — Appeal by claimant from an order of the Court of Claims, denying his application for leave to examine employees and agents of the State who might have knowledge concerning his cause of action and the manner in which injuries were received by Morris Friedman, an inmate of a psychiatric institute in the borough of Manhattan, which injuries caused his death. The application is made under sections 288 and 289 of the Civil Practice Act. The application was properly denied. (Bush Terminal Co. v. City of New York, 259 N. Y. 509.) Order unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Judicial Settlement of the Accounts of FLORENCE C. PARKHILL, Executrix, etc., of GEORGE A. CASSEDY, Deceased, Respondent, against AMERICAN EQUITABLE CORPORATION, Appellant.— This is an appeal from an order of the Surrogate's Court of Schenectady county denying a motion made by the appellant to punish the executrix for contempt of court and an order to show cause why she should not be removed as executrix. The appellant contends that the Surrogate's Court of Schenectady county ordered that 497 shares of stock should be offered for sale at public auction. The surrogate in his decision says that no such order was made. The surrogate ordered the attorney for the executrix to submit a final accounting, including the stock in question and holds that the manner of sale of the stock was a question for the executrix and in case, upon proof, of her failure to sell the stock in a proper manner and at a proper price, she could be surcharged in her final accounting for the loss which is suffered by the estate. We believe that this is a correct statement of the law and that the Surrogate's Court Act gave to the executrix discretion as to the manner in which she should sell the stock, but in case of unfairness on her part she would be liable to have her account, upon proof, surcharged upon her final accounting. The affidavit in support of the order to show cause alleged the attorneys for the executrix agreed with the attorney for the appellant that the attorneys for the executrix would give the attorneys for the appellant notice of sale. These allegations are uncontradicted in the record. This decision is not to be construed as approval by this court as to the manner in which the sale was conducted, there being no denial that the attorneys for the executrix agreed with the plaintiff's attorney that the sale should be at public auction with notice of the time and place so that they might have an opportunity to bid. Order unanimously affirmed, with ten dollars costs and disbursements, payable out of the estate. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.