ALFRED J. FLEMING, JR., by ALFRED J. FLEMING, His Guardian ad Litem, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24686.)

Court of Claims, March 18, 1937.

*James J. Munro* [*Edward G. Griffin* of counsel], for the claimant.

*John J. Bennett, Jr.*, Attorney-General [*Joseph T. Delaney*, Assistant Attorney-General, of counsel], for the defendant.

GREENBERG, J.   This is a motion made by claimant for an order permitting claimant to inspect and discover certain reports, records and findings, and to photograph and make extracts therefrom. The discovery and inspection sought herein is of reports or findings made to the Superintendent of the State Police or to the Adjutant-General of the State of New York concerning facts and circumstances having to do with an injury alleged to have been received by claimant while at Camp Smith, Peekskill, N. Y., and also of a report or findings made by a military board of inquiry of the New York National Guard concerning said alleged injury to the claimant.

While the discovery and inspection sought herein is of reports, findings and documents, it is my opinion that the result of such a discovery and inspection would be the same as an examination of the State as a party.

In the case of *Friedman* v. *State* (161 Misc. 358; affd., 250 App. Div. 809) it was held upon the authority of *Bush Terminal*

*Co.* v. *City of New York* (259 N. Y. 509) that an application for leave to examine employees and agents of the State concerning the cause of action and the manner in which injuries were received, must be denied.

Documents or articles to be subject to inspection must themselves be evidence. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24. See, also, *Falco* v. *New York, New Haven & Hartford R. R. Co.*, 161 App. Div. 735.)

The motion is denied, and an order may be submitted accordingly.

BARRETT, P. J., concurs.