SAMUEL FRIEDMAN, as Administrator, etc., of MORRIS FRIEDMAN, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 24483.)

Court of Claims, September 8, 1937.

*Sachs & Picket* [*Norway Picket* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Gerald Carey, Assistant Attorney-General*, of counsel], for the defendant.

GREENBERG, J.   Claimant seeks an order under section 296-a of the Civil Practice Act for the examination of Dr. Blalock and Dr. Lewis, and also for the production of all records and documents pertaining to the examination to be held as to the injuries and treatment received by the claimant's intestate.   The claimant's intestate, at the time of his death, was confined to the New York Psychiatric Institute, and both Dr. Blalock and Dr. Lewis are attached to that institution and are employees of the State of New York.

If the examination of said physicians were permitted, it would be tantamount to an examination before trial of the State of New York. The claimant has heretofore sought an examination before trial of these witnesses under sections 288 and 289 of the denied, the court holding that the State could not be examined before trial;* upon an appeal taken to the Appellate Division, the order of this court was unanimously affirmed (*Friedman* v. *State*, 250 App. Div. 809). In the enactment of section 296-a of the Civil Practice Act, it was not the intention of the Legislature to broaden the provisions of sections 288 and 289 of the Civil Practice Act, but rather, the purpose of its enactment was for the convenience of the physicians, surgeons and nurses attached to charitable institutions and to save them the inconvenience of attending upon trials. The Appellate Division having ruled in this case that the testimony of these witnesses could not be taken before trial, the court cannot lend its approval to an attempt to accomplish by indirection that which has been denied by direct application. The motion is, therefore, denied.

BARRETT, P. J., concurs.