FANNIE MANN BUCHALTER, Administratrix, etc., of HARRY MANN, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25503.)

Court of Claims, October 30, 1939.

Conrad & Greif [*Lawrence Milberg* of counsel], for the claimant.

John J. Bennett, Jr., *Attorney-General* [*Harold Greenstein, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J. Claimant seeks an order for an examination before trial of the State of New York and a discovery and inspection of the State's books and records containing entries of the history, treatment and injuries of the claimant's deceased. The intestate, at the time of his death, was an inmate of the Rockland State Hospital. The claim is for the recovery of damages sustained by reason of the negligence of the State, resulting in the death of said inmate.

The application is based upon the recently enacted provisions of subdivision 2 of section 17 of the Court of Claims Act. (Laws of 1939, chap. 860.) The right to examine the State before trial heretofore denied claimants (*Friedman* v. *State,* 161 Misc. 358; affd., 250 App. Div. 809), was thus extended and afforded to claimants in actions against the State. The unmistakable trend in the improvement of the just consummation of litigation is strikingly evidenced by this legislation. Examination of the State by its officers and employees having knowledge of the facts referred to in the claim and of items No. 1 to No. 23, inclusive, of the order to show cause, should be allowed. The items with respect to which claimant seeks to examine are material and the examination is so necessary that she cannot properly prepare for trial or present her claim to the court upon the trial.

In a proper case, where unusual circumstances are present, a general examination, as herein sought, should be permitted. Under all the circumstances in the instant case, where the deceased, for

whose death recovery is sought, was an inmate in a hospital and while there sustained injuries which resulted in his death, it appears that the examination is absolutely necessary. A denial of an examination might, in effect, preclude recovery and, therefore, the interests of justice require the court to exercise that discretion by permitting a complete resort to the newly-enacted statutory provisions. (Court of Claims Act, § 17, subd. 2.)

The State questions the right of claimant to a discovery and inspection of the records and documents relative to the issues involved and concerning which claimant is being given the right to examine herein. The claimant is not seeking a roving inspection or attempting to pursue a "fishing expedition." The claim arises out of the alleged mismanagement and improper supervision, care and attention given to the deceased inmate in the State hospital. All details of the treatment, care and supervision of the deceased, his health and mental condition, and the cause of the accident resulting in his death, should be contained in the records of the State hospital or hospitals in which the deceased was an inmate. (Mental Hygiene Law, § 84.) Said statute provides as follows: "Such record shall be accessible only to the superintendent and such officers and subordinates of the institution as he may designate and to the commissioner and his representatives, except on the consent of the commissioner or an order of a judge of a court of record." It is perfectly obvious that the legislation intended to permit properly authorized representatives or relatives of inmate patients in State institutions for the mentally defective, an inspection of the records of such patients' condition, treatment, etc., while inmates. The application is now sought by the legal representative of the deceased inmate, in an action to recover damages against the State. The entries made concerning the deceased inmate are relevant and material to the controversy at issue. The Court of Claims is a court of record (Judiciary Law, § 2, subd. 5) and a judge thereof may, in accordance with section 84 of the Mental Hygiene Law, order that the records be made accessible for inspection by the legal representative of the former inmate.

Where, as in the instant case, the examination is held pursuant to an order, it may be accompanied by an inspection of all books and papers in order that the examining party may collect data in preparation for the trial, even though such books and papers in no way refresh the recollection of the witness to be examined. (*Shulz v. Agfa Ansco Corp.*, 149 Misc. 821.)

Motion is in all respects granted and claimant is entitled to examine the State's officers and employees on all the items No. 1 to No. 23, inclusive, and the State is required to produce upon such

examination the records concerning Harry Mann, the deceased, and claimant is entitled to inspect and make copies of the records kept by the State with reference to the mental state, bodily condition and medical treatment and the accident and cause of the death of said Harry Mann, deceased. The examination and inspection shall be held at the office of the Attorney-General of the State of New York at 80 Centre street, borough of Manhattan, city of New York, on November 14, 1939, at ten o'clock in the forenoon of that day. Settle order on notice.