RUTH E. MALONEY, as Administratrix of the Estate of THOMAS
F. MALONEY, Deceased, Claimant, *v.* STATE OF NEW YORK,
Defendant. (Claim No. 31319.)

Court of Claims, April 8, 1953.

*Robert B. Anderson* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Quentin Grant* of
counsel), for defendant.

MAJOR, J.  This is an application for an order directing the
State of New York to produce and give to claimant for inspec-
tion, or copy, or permission to make a copy or photograph of all
machinery and equipment contained in the interior and exterior
of the vessel, derrick barge 2-A, and the papers, regulations,
records and documents possessed by or under the control of the
State of New York, which show the general conditions on the
vessel prior to and subsequent to the 16th day of October, 1951,
and all records showing the salaries, bonuses, hours of employ-
ment, sick leave, accumulated contributions and any other
compensation paid to decedent during his lifetime.

This application came before this court on February 18, 1953,
upon an order to show cause and was adjourned for the filing
of briefs, which briefs have been filed.

This claim is to recover damages for the death of the above-
named decedent alleged to have been caused by the negligence
of the State, and claimant contends that she has no information
upon which to safely proceed to trial; and alleges that the
decedent was operating the dredge alone, so that there are
apparently no available witnesses from whom to secure the
matters requested to be discovered.

The State of New York opposes this motion on the grounds
that section 324 of the Civil Practice Act is not applicable to
the State in an action in the Court of Claims, and cites in its

brief several cases which, upon examination, show particular circumstances not in point. In one case, *Di Laura* v. *State of New York,* which was reviewed by the Appellate Division and reported (275 App. Div. 639) it appears that the court bases its findings on its statement in the opinion, namely: '' It is apparent that the claimant is seeking to ascertain in advance of trial, the results of the State's investigation through its experts made in preparation for trial. There is no authority for such examination.'' (P. 640.)

This motion is for discovery only, and no examination is requested.

Section 8 of the Court of Claims Act provides: '' The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article ''.

Subdivision 9 of section 9 of the Court of Claims Act provides: '' To establish rules for the government of the court and the regulation of practice therein and to prescribe the forms of procedure before it, in furtherance of the provisions of this act and not inconsistent with law, and except as otherwise provided by this act or by rules of this court or the civil practice act, the practice shall be the same as in the supreme court.''

The Court of Claims is a court of record. The Civil Practice Act is controlling in the Supreme Court. By these sections, the Court of Claims Act incorporates the Civil Practice Act as an integral part thereof; and the Civil Practice Act is controlling in all matters of practice and procedure before the Court of Claims, unless specifically excepted or modified by the Court of Claims Act. To hold otherwise would indicate that the many sections of the Civil Practice Act not specifically provided for in the Court of Claims Act were not applicable to the latter. This would impede and impair the proper functioning of the Court of Claims. I find no law which excepts section 324 of the Civil Practice Act from the Court of Claims Act. The arguments that section 324 of the Civil Practice Act does not apply to the Court of Claims Act because the Court of Claims Act specifically provides for an examination before trial under section 17 thereof, fails to mention discovery, is without merit. Section 17 of the Court of Claims Act must be taken as a modification of section 296 of the Civil Practice Act and not taken as an inference that said section 296 of the Civil Practice Act has no application to the Court of Claims.

Said section 324 of the Civil Practice Act reads as follows: " A court of record * * * by order may compel a party * * * to an action pending therein to produce and discover, or give to the other party, an inspection and copy, or permission to take a copy or photograph of a book, document, or other paper, or to make discovery of any article or property, in his possession or under his control, relating to the merits of the action, or of the defense therein ".

Consequently, section 324 of the Civil Practice Act is to be read in conjunction with the Court of Claims Act, and is applicable to the State.

Claimant asks for no examination of witnesses in her moving papers; and, in any event, she is not entitled to such examination under said section 324 of the Civil Practice Act, but is entitled to discovery only of certain matters permitted by law.

It is my opinion that the State should produce and discover and give to claimant, her attorney or representative, an inspection of the machinery and equipment contained in the interior and exterior of the vessel, derrick barge 2-A, or make and give to the claimant a satisfactory photograph thereof. Other matters contained in the prayer of the motion are subject to subpœna, examination, or other proceedings provided by law, and their inclusion in this order is denied without prejudice.

Submit order accordingly.