Bernard Byan, P. J.
Claimant sues to recover damages for the conscious pain and suffering and the death of her decedent while he was a ward of the State and a patient in Buffalo State Hospital. This is an application for an examination before trial, no part of which is opposed by the defendant except the request for an order permitting claimant, through her attorneys or their designees, to examine Ward 40 of the hospital and the dayroom where, it is alleged, the decedent was injured, and to photograph the room and surroundings where said accident occurred.
There is long-standing precedent in this court for the granting of permission to photograph such a room in a State institution under the control of the Department of Mental Hygiene. (Manzi v. State of New York, 23 N. Y. S. 2d 21, 23; Ely v. State of New York, 204 Misc. 502, 507 [1953].) Beason compels a ruling that if the dimensions, arrangement and location of the room, wherein the accident to the intestate occurred, are pertinent to the issues to be tried and determined, as for the purposes of this motion it must be assumed that they are, claimant is entitled to be informed about such details in aid of preparation of her case and for ultimate assistance to the trial tribunal. If the allegation of negligence was founded upon conditions maintained by the State in respect to the travelled portion of a highway or in respect to signs maintained by the State at a highway intersection claimant could freely take photographs of such conditions or of such devices at the location of the alleged accident. Indeed, in hundreds of such cases tried in this court photographs have been of decisive importance in determining the issues of *518 fact. Suppose the suit was based upon negligence in permitting the existence of an icy condition of an exterior approach to one of the buildings at the institution. Claimant’s attorney or.agent could walk into the grounds and obtain the desired photographic reproduction of the situation without the permission of the Attorney-G-eneral or of this court. What is so sacrosanct about the interior of a ward in a State mental hospital? We do not expect that there can be found there torture implements of the Inquisition or environment recalling histories of how the mentally disturbed were treated in the Dark Ages.
It cannot be fairly argued that the conditions existing on December 2,1959, the date of the accident to claimant’s intestate, come within the range of the work product of the attorney for the defense. That individual did not come into the picture until after suit was commenced, or at least until after notice of intention was filed and served. For that reason the decision in Di Laura v. State of New York (275 App. Div. 639, 640 [1949]) is not controlling because in that case the court said: “It is apparent that the claimant is seeking to ascertain in advance of trial, the results of the State’s investigation through is experts made in preparation for trial.”
Nor does this application to photograph a hospital room fall within the interdiction of Maloney v. State of New York (204 Misc. 263 [1953], revd. 282 App. Div. 850). In that case the direction of this court to give to the claimant a satisfactory photograph of certain equipment was merely incidental to a broader order for the inspection of the machinery and equipment of a derrick barge. Moreover, to invoke the Maloney decision for a ruling against what is asked for here would overlook the reasoning by which we arrived at our decision in Ely v. State of New York (204 Misc. 502, supra). We there pointed out that there is nothing in the Court of Claims Act which conflicts with section 324 of the Civil Practice Act; that the foundations of our earlier decisions, based upon Bush Terminal Co. v. City of New York (259 N. Y. 509 [1932]) and other cases which we cited, have been swept away by the Legislature. The Ely case was never reviewed upon appeal and until its rationale, which was not presented in the Maloney record, is struck down we regard it as precedent for the request herein made.