CLARA R. SCHMIEDEL, as Executrix of STEPHEN H. SCHMIEDEL, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant.

Fourth Department, June 30, 1961.

*Tzetzo & Yianilos* (*Spero L. Yianilos* of counsel), for respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henderson G. Riggs* of counsel), for appellant.

BASTOW, J. P. The State appeals from that part of an order granting claimant the right to inspect and make photographs of a room in a State hospital wherein it is alleged claimant's intestate met his death through the claimed negligence of the employees of the State. The sole issue presented is the authority of the court to grant such an inspection.

Prior to the enactment of the present Court of Claims Act (L. 1939, ch. 860) there was no authority for either an examination before trial by a claimant of officers or employees of the State or an inspection and discovery (*Friedman* v. *State of New York,* 161 Misc. 358, affd. 250 App. Div. 809, motion for leave to appeal denied 251 App. Div. 753). By the 1939 enactment (§ 17, subd. 2) a claimant was given the right to apply for an examination of an officer or employee of the State as an adverse party or of a witness. The subject was reviewed by Presiding Judge BARRETT in *Dunbar & Sullivan Dredging Co.* v. *State of New York* (174 Misc. 743). It was held that subdivision 2 of section 17 referred only to an examination before trial and that there was no authority to grant a discovery and inspection under section 324 of the Civil Practice Act.

In 1946 the Judicial Council recommended the addition of a new section 17-a to the Court of Claims Act to permit the court to compel a discovery and inspection. It was pointed out that " Public and municipal corporations were made subject to such remedy by an amendment to section 324 of the Civil Practice Act by Laws of 1945, Chapter 727. That desirable procedure should be extended by statute to apply to the State in claims brought against the State in the Court of Claims, thereby overcoming the present lack of power in such cases " citing the *Dunbar* case (*supra*) (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 47). In 1947 the Council renewed its recommendation (Thirteenth Annual Report, 1947, p. 53).

A bill (Senate Int. No. 197, Print No. 528), identical in language with proposed section 17-a contained in the 1946 Report of the Judicial Council, was passed by the Legislature but was vetoed without comment by the Governor (Public Papers of Gov. Dewey, 1947, p. 289). An examination of the contents of the bill jacket sheds interesting light on the subject. Among others, the Attorney-General, the Division of State Police and the Department of Mental Hygiene wrote vigorous letters to the Governor in opposition to the bill. The latter department stated that the legislation would "permit claimants' attorneys to go on a ' fishing expedition ' through the files of the Department and read strictly confidential matter. The enactment of this law would break down many of the safeguards built up for

the protection of approximately 100,000 patients in the mental institutions in this Department."

The Judicial Council, however, did not abandon the proposal. In its 1951 report (pp. 69, 70) it stated that " Since 1946, the Judicial Council has renewed this recommendation annually. The Legislature passed the recommended amendment in 1947, 1948 and 1949, although each time the bill was vetoed by the Governor without memorandum. The Council renews its recommendation, despite the veto, because it considers the proposal sound and of some moment in an impartial administration of justice." A bill (Assembly Int. No. 1725, Print No. 1757) was passed and vetoed. (Public Papers of Gov. Dewey, 1951, pp. 174–175.) Again in 1954 a similar bill (Assembly Int. No. 2291, Print No. 2399) was passed and vetoed. (Public Papers of Gov. Dewey, 1954, p. 235.)

During these years this subject was before the courts. In 1949 *Di Laura* v. *State of New York* (275 App. Div. 639) came before our court. There the Court of Claims had granted an examination before trial of certain officers and employees of the State and for the production of photographs, a map, and stone acquired in certain borings. We reversed and wrote (p. 640) " The order for examination and production was granted pursuant to the provisions of subdivision 2 of section 17 of the Court of Claims Act and section 296 of the Civil Practice Act. While section 296 of the Civil Practice Act may be held to implement section 17 of the Court of Claims Act [citing cases], there is no statutory authority by which the claimant may avail himself of the provisions of section 324 of the Civil Practice Act."

The issue was again presented to this court in *Maloney* v. *State of New York* (282 App. Div. 850). There claimant had obtained an inspection without an examination of certain machinery in the possession of the State over the opposition of the Attorney-General who contended that section 324 of the Civil Practice Act was not applicable to the State in an action in the Court of Claims. (204 Misc. 263.) Again we reversed and held that in the absence of statutory authority there was no power to order a discovery and inspection under section 324 in an action pending in the Court of Claims.

We find no valid reason to depart from that holding. It appears that the Judicial Council was of the firm opinion that the Court of Claims Act should be amended to permit that court to compel a discovery and inspection, " thereby overcoming the present lack of power in such cases." (Twelfth Annual Report, *supra*, p. 47.) In at least five different years the Legislature

passed the proposed legislation but each bill was vetoed by the Governor. We have seen that on one occasion the Governor had before him communications from several State departments vigorously opposing the proposed enactment to authorize such discovery and inspection.

There may be excellent reasons, as the Judicial Council has pointed out, why such relief should be afforded to claimants against the State. The decisional law, however, has become settled that the power to do so has not been granted to the courts (cf. Davison, Claims Against the State of New York, §§ 32.13, 32.14; First Preliminary Report [1957] Advisory Committee on Practice and Procedure, p. 473). We conclude that any change in the existing law must be by statute. In the light of the history of this issue the overruling of prior decisions by this court would approach an act of judicial legislation.

The order, insofar as appealed from, should be reversed and that portion of the motion denied.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Order insofar as appealed from unanimously reversed, without costs of this appeal to either party and that portion of the motion denied, without costs.