■ MICHAEL J. DEGREGORIO et al., Individually and as Parents and Natural Guardians of JANELLE M. DEGREGORIO, an Infant, Appellants, v NIAGARA FALLS CITY SCHOOL DISTRICT, Respondent. [722 NYS2d 637] —Order reversed on the law without costs and application denied. Memorandum: On December 13, 1999, claimants served a notice of claim upon respondent for personal injuries sustained by their infant daughter at school. Pursuant to General Municipal Law § 50-h (1) and (2), respondent served a demand for examinations of claimants and their daughter on February 21, 2000, scheduling the examinations for March 22, 2000. Claimants' attorney indicated that his clients would not submit to section 50-h examinations at that time. Subsequent attempts by respondent to reschedule the section 50-h examinations were unsuccessful. Respondent made an application in Supreme Court seeking an order compelling the examinations under oath of claimants and their infant daughter pursuant to General Municipal Law § 50-h. The court erred in granting the application and ordering claimants and their daughter to appear for examinations on July 19, 2000.

Where, as here, claimants fail to comply with a demand for examinations, a municipality may move to dismiss any subsequently commenced action based upon that failure (*see generally, Ambroziak v County of Erie,* 177 AD2d 974). It is at that point that claimants' reasons for failing to comply with the demand should be asserted and the validity of the reason assessed by the court (*see, Best v City of New York,* 97 AD2d 389, *affd* 61 NY2d 847). There is no authority, however, for respondent's application to the court to compel claimants and their daughter to comply with the demand where, as here, no action is pending between the parties (*cf., Alouette Fashions v Consolidated Edison Co.,* 119 AD2d 481, 485-486, *affd* 69 NY2d 787).

All concur except Hayes and Lawton, JJ., who dissent and vote to affirm in the following Memorandum:

Hayes and Lawton, JJ. (dissenting). We respectfully dissent and vote to affirm. In our view, Supreme Court properly directed claimants and their daughter to appear for examinations on July 19, 2000. We reject claimants' contention that the court lacked authority to schedule a date for claimants and their daughter to appear for examinations pursuant to General Municipal Law § 50-h (1). Pursuant to that section, a school district "shall have the right to demand an examination of the claimant[s]," and the court is merely enforcing that right. We disagree with the majority's conclusion that the only remedy available to respondent is to wait until claimants commence an action, particularly where, as here, that event may not occur for an extended length of time because of the infancy toll of the Statute of Limitations. (Appeal from Order of Supreme Court, Niagara County, Fricano, J.—Discovery.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.