OPINION OF THE COURT
Richard E. Sise, J.
Claimant’s application for an order to compel an oral examination pursuant to Court of Claims Act § 17-a is denied. The court lacks jurisdiction/authority to compel attendance at the preclaim examination.
*67 Defendant seeks to examine claimant with regard to a notice of intention to file a claim served upon defendant[1] on or about January 26, 2001 (see, Ceresia affidavit, exhibit A). Pursuant to Court of Claims Act § 17-a, which authorizes such examination, defendant served a notice for examination (see, Ceresia affidavit, exhibit B). At the request of claimant’s counsel, the examination was adjourned from May 9, 2001 to August 14, 2001 (Ceresia affidavit, ¶¶ 5, 6). Thereafter, claimant again adjourned the examination. Following the second adjournment, defendant went to great lengths (Ceresia affidavit, ¶¶ 8-11), in attempting to obtain the oral examination of a representative of the claimant, all to no avail.
The instant application presents a question of first impression in the Court of Claims: may the court compel a claimant to appear for an oral examination pursuant to Court of Claims Act § 17-a upon claimant’s failure to comply with a properly made demand for such examination? The record before the court establishes that defendant’s demand for an examination complied with the statutory time, content and service requirements in the first instance.[2]
Laws of 1990 (ch 189) added section 17-a to the Court of Claims Act. It provides in relevant part:
“1. Wherever a notice of intention to file a claim is served, the defendant shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate * * * .
“2. The demand for examination as provided in subdivision one of this section shall be made by the attorney for the defendant or by such officer, agent or employee as may be designated by him for that purpose. The demand shall be in writing and shall be served personally or by registered or certified mail upon the claimant unless the claimant is represented by an attorney, when it shall be served *68 personally or by mail upon his or her attorney. The demand shall give reasonable notice of the examination. It shall state the person before whom the examination is to be held, the time, place and subject matter thereof and, if a physical examination is to be required, it shall so state. No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of service of the notice of intention to file a claim. * * *
“5. Where a demand for examination has been served as provided in subdivision two of this section no claim shall be commenced against the defendant against which the notice of intention to file a claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of sections ten and eleven of this chapter. If such examination is not conducted within ninety days of service of the demand, the claimant may commence the claim. The claim, however, may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests an adjournment or postponement beyond the ninety day period. If the claimant requests an adjournment or postponement beyond the ninety day period, the defendant shall reschedule the hearing for the earliest date available.”
A review of the Bill Jacket discloses that the legislation was introduced as part of the Attorney General’s legislative program for 1989-1990 and that the legislation was first introduced in 1987. The stated purpose of the bill was to afford a Court of Claims defendant “the same right to promptly investigate * * * as is now enjoyed by any municipality * * * pursuant to the General Municipal Law.” (See, Attorney General’s Legislative Program for 1989-1990, No. 186-89, Bill Jacket, L 1990, ch 189.) The bill’s sponsor in the New York State Senate, Christopher J. Mega (later to become the Presiding Judge of the Court of Claims), wrote in support that the bill “tracks exactly the language set forth in section 50-h of the *69 General Municipal Law,” a sentiment echoed by the bill’s Assembly sponsor, Terence M. Zaleski.[3] (Id.)
Given the identity of language and purpose between the statutes, resorting to decisions involving the General Municipal Law which have addressed the question before this court is appropriate. The court’s research has disclosed only one such case, DeGregorio v Niagara Falls City School Dist. (281 AD2d 889), which answered the question in the negative. In DeGregorio (supra), the Appellate Division reversed an order of the Supreme Court which directed claimants and their daughter to appear for a section 50-h hearing. The Court noted the statute provided the municipality with a remedy for claimants’ noncompliance with the demand — dismissal—and held that in the absence of a pending action, there was no authority for the application to compel (id. at 890). In Alouette Fashions v Consolidated Edison Co. (119 AD2d 481, affd 69 NY2d 787), cited in DeGregorio, a similar result was reached regarding an attempt to compel production of documents requested in the demand for oral examination. There, the Court found the language of General Municipal Law § 50-h (1), which provided that such “examination shall be upon oral questions unless the parties otherwise stipulate and may include a physical examination of the claimant” is an effective limitation on disclosure (Alouette Fashions v Consolidated Edison Co., 119 AD2d 481, 486). The Court further noted section 50-h has been strictly construed to not incorporate the discovery provisions of the Civil Practice Law and Rules and concluded that until an action is commenced, such tools are not available (id.).
It would be a simple step to now apply this thread of reasoning to the instant application. Before doing so, the court seeks other support for this conclusion. In Schmiedel v State of New York (27 Misc 2d 517, revd 14 AD2d 33), the Appellate Division reversed an order granting the inspection and photographing of a hospital room. At the time, discovery and inspection had not been extended to claims brought against the State in the Court of Claims. Schmiedel is instructive not just for its review of civil procedure in the Court of Claims but for the court’s recitation of cases in which the trial court’s efforts to permit inspection were rebuked as lacking in statutory authority *70 (14 AD2d 33, 35). Following from Schmiedel, the court notes that the authority for an order to compel, set forth in CPLR 3124, is limited to, inter alia, demands “under this article,” a reference to CPLR article 31 and not Court of Claims Act § 17-a examinations. Furthermore, a motion is dependent for its existence on an ongoing action or special proceeding. As the Third Department has noted in a different context, absent a specific statute permitting a motion to be made in the absence of an action or special proceeding (e.g., Court of Claims Act § 10 [6] [authorizing application for permission to late file a claim]) “there is no authority for a motion in the absence of a civil judicial proceeding which has not already been commenced” (Matter of Town of Johnstown v City of Gloversville, 36 AD2d 143, 145, appeal dismissed 29 NY2d 639). At present, there is no claim pending in this court.
In this court’s view, there is neither statutory authority to entertain the motion nor to grant it. The Legislature has clearly articulated defendant’s remedy for claimant’s failure to appear, and that is dismissal as set forth in section 17-a (5).
For the foregoing reasons, defendant’s motion is denied in its entirety.

. The notice of intention to file a claim is no longer filed with the Court of Claims (Court of Claims Act § 11).

. Notwithstanding the court’s holding, the court has neither reached nor considered the question of whether defendant would be entitled to an affirmative defense under section 17-a (5) on these facts (compare, Ruiz v New York City Hous. Auth., 216 AD2d 258; Page v City of Niagara Falls, 277 AD2d 1047; McDaniel v City of Buffalo, 291 AD2d 826; Wells v City of New York, 254 AD2d 121; Arcila v Incorporated Vil. of Freeport, 231 AD2d 660).

. The legislation which created section 17-a also amended Court of Claims Act § 17 to prohibit a defendant who availed itself of the section 17-a examination in a claim for personal injuries from taking a deposition upon oral questions of the claimant once the action is commenced (Court of Claims Act § 17 [1]).